JOEL BLACKMAN, Appellant, *v.* CATHERINE WELSH *et al.*, Respondents.

1. *Landlord and tenant — Rent, demand of — Possession.*—Where a lot of ground was leased by a verbal lease, and the lessee took possession of and held only a part of the ground leased, and other parties afterward entered upon and occupied the remainder of the lot under other leases, and the lessor brought suit on the lease against all the occupants for the possession of the lots, for non-payment of rents, it was not sufficient to sustain his suit that the lease was made and the land held and the rent not paid; it was necessary that demand of the rent from the lessee should have been made before there could be a forfeiture. And as to the other persons who were on the rest of the land, it was necessary that they should have entered under the lessee, or after possession by the lessee, or that they illegally dispossessed him.
2. *Landlord and tenant — Possession.*— The question of actual possession is a question of fact; what would constitute possession is a question of law.

*Appeal from St. Louis District Court.*

The facts sufficiently appear in the opinion of the court.

*Isaac T. Wise*, for appellant.

I. All others besides the lessee, upon the strip of land leased, were either under the lease, and so liable to all its conditions, or

not under the lease, and so liable to be put off as trespassers against the peaceable possession of the lessee by him; and upon forfeiture by the lessee the lessor acquires the right of possession under the statute. (Spalding v. Marshall, 27 Mo. 377; Burns v. Patterson, 27 Mo. 434.)

II. Where a lessor leases to a tenant and puts him in possession under a lease, and, on suit brought for possession by lessor, third parties are found located upon different portions of the leasehold, such parties must be in possession either subject to the tenancy or adverse to it. In the first case, their right to remain expires with the tenancy. In the latter, they are subject to be put off the land for a forcible entry and detainer by the tenant at any time, and so by the landlord upon the lease being avoided and the right of possession reverting to him; and, in the latter case, in like manner in a statutory proceeding to recover possession on account of non-payment of rent, which provides for just this contingency by the use of the words "other person," which relieves the landlord from the necessity of proceeding by a separate suit of forcible entry, etc., against such, besides the suit against the tenant for rent and possession by reason of the refusal to pay rent. (Gen. Stat. 1865, ch. 74, §§ 33, 35; Shepard v. Martin, 31 Mo. 492.)

IV. If the ruling of the court below is sustained, it follows, so far as it declares the law, that if a lessee permits trespassers to take possession of part of the land leased, and does not object or put them off, the statute of limitations must begin to run in their favor, because their holding is adverse; and that it runs not only against the tenant, but against the landlord also (though he is unable to bring suit for forcible entry or ejectment, as he has no right of possession).

*Glover & Shepley,* for respondents.

There was no privity shown to exist between Catherine Harney, now Welsh, to whom a verbal lease was made, and any other defendant except Edward Welsh, nor any possession of the property, except the sixty-five feet, by Catherine Harney, or any one holding through or under her; but on the contrary the other

defendants have always been in possession adverse to plaintiff and Catherine Welsh. There is no evidence that the plaintiff had any possession of anything except the sixty-five feet, or that he ever put Mrs. Harney in possession of anything except the portion occupied by her, or that she or anybody through or under her occupied any more ; but on the contrary the defendants all hold, and did always hold, the other part of the lot sued for adverse to all these persons.

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings his action against Catherine Welsh, her husband and others, for forcible detainer, claiming that before she was married he verbally leased to her, by her then name, Catherine Harney, a narrow strip of land, bounded north by Division street, east by Twentieth street, and west by Twenty-first street, in the city of St. Louis, for the term of nine years from March 1, 1862, at a ground rent of twelve dollars per annum ; that the sum of thirty dollars is now due, the payment of which has been demanded and refused. Several persons were occupying the land, besides Mr. and Mrs. Welsh, who were made parties to the proceeding. Judgment of restitution was rendered by the justice, and defendants appealed to the Circuit Court, where, upon trial, the plaintiff obtained a judgment of ouster for sixty-five feet only from the west end of the strip, the whole being three hundred and eighty-six feet in length by sixteen and a half feet in width. He appeals to this court, claiming that he should have had judgment for the whole, and also for the back rents.

It appears from the testimony that Mrs. Harney (now Mrs. Welsh), in the spring of 1862, having had a lease for ten years of a lot on the opposite side of Division street, verbally agreed with the plaintiff to give up the former lease and take a lease for the remainder of her term (nine years) of the land in controversy, and that she immediately moved a small house upon the west end of the strip, paid her ground rent until 1864, when her husband refused to pay longer, and in 1865 took a lease from one Chambers of a parcel of land, including this west end of the strip

leased by his wife. There was testimony tending to prove that neither Mrs. Welsh nor her husband ever took possession of any part of the strip except sixty-five feet, and that the other occupants went into possession under other leases, and were holding under them when the action was brought.

The case was submitted to the court upon declarations of law, and judgment of possession was given for the sixty-five feet by sixteen-and-a-half feet against Mr. and Mrs. Welsh; but there was no judgment for the back rent, and judgment was rendered in favor of the other defendants. The following declaration of law was asked for the plaintiff and refused:

"If it is believed from the evidence that the plaintiff leased the premises in question by a verbal lease for a term of nine years, and that Mrs. Harney, and afterward Edward Welsh and Mrs. Harney, continued to hold (married or unmarried) and paid rent, then they are held by the condition of the lease; and if rent has not been paid, then the plaintiff is entitled to judgment against them for the amount of rent and for the possession of the premises; and if other persons occupying the property, joined as co-defendants, on demand made do not pay the rent, then plaintiff is entitled to judgment against them for possession."

The error of this declaration sought from the court is that in supposing a condition of facts which as matter of law would entitle the plaintiff to judgment, material conditions are wanting. The court or jury must also believe from the evidence that demand of the rent has been made of the lessee before there can be a forfeiture; also, as to the third persons in possession of part of the strip of land, that they went in under the lessee, or after possession of the lessee, or that they illegally dispossessed him or her. The lessee is presumed to have taken possession of all the land embraced in the lease unless the contrary is shown, but it is possible she did not. The other defendants might already have been upon the lot, or, from other reasons, she might have been able to obtain possession of only a part, in which case the "persons occupying the property," named in the statute, would not have such privity of estate as to authorize proceedings against them under the lease.

The court, having refused the declaration asked for, gave the following :

" 1. The plaintiff is not entitled to judgment against Catherine Welsh. 2.. If said Mrs. Welsh, formerly Mrs. Harney, never took possession of the land let to her east of a line sixty-five feet east of Twenty-first street, and if the defendants (exclusive of Mrs. Welsh) entered upon and held the land east of the line under claim of title, or as lessees of others claiming title adverse to plaintiff's, and that said defendants did not enter or hold by, under, or in collusion with said Mrs. Welsh, then plaintiff is not entitled to recover for any land so held by the defendants east of said line."

Had the plaintiff asked for payment of rent as well as for possession, this instruction would have been defective and the judgment erroneous in not covering the rent. But he is authorized by the statute (section 38, chapter 189) to bring his action for possession alone, as he seems to have done in this case. But in the declaration, so far as it relates to the defendants who occupied east of the line of Mrs. Welsh, I can see no error. The question of actual possession is a question of fact; what would constitute possession, a question of law. No declaration was asked or given upon the latter point. The court must have found that Mrs. Harney never in fact did take possession of the land east of the sixty-five feet, and in so finding we are bound to presume that it was governed by the law in relation to what constituted possession. It does not necessarily follow, though it is usually true, that possession follows a lease. The lessee may not take possession, and others may enter; or the lease may embrace property in the actual control of others, and if so they cannot be dispossessed by proceedings under the lease.

The judgment is affirmed. The other judges concur.